UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JESSE NOBLE,

    Plaintiff,

v.

JAMES OZURENDA,

    Defendant.

Case No. 2:18-CV-00520-GMN-EJY

**ORDER**

Before the Court is Plaintiff Jesse Noble's Motion for Leave to Amend Complaint (ECF No. 39) and his proposed amended complaint (ECF No. 39-1). The time for opposition to Plaintiff's Motion has run with no opposition filed. The Court now screens Plaintiff's proposed amended civil rights complaint pursuant to 28 U.S.C. § 1915A.[1]

**I.    Screening Standards**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be

---

[1]     Plaintiff's *In Forma Pauperis* status was previously reviewed and granted by the Court.

1

granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF PROPOSED [SECOND] AMENDED COMPLAINT

The facts underlying Plaintiff's proposed second amended complaint are essentially the same as those alleged in his first amended complaint filed on June 5, 2019. Those facts are not repeated here. However, as was true in the first amended complaint, which, after screening, was filed following the Court's Screening Order of that same day (ECF Nos. 34 and 35), Plaintiff sues multiple defendants for events that took place while he was incarcerated at High Desert State Prison ("HDSP"). Plaintiff again alleges violations of his Eighth and Fourteenth Amendment rights.

With respect to Plaintiff's Eighth Amendment Claim (Count I), Plaintiff's proposed second amended complaint identifies as defendants HDSP's medical director Remero [sic] Aranas (previously sued as a "John Doe"), the Jane Doe nurse who evaluated Plaintiff at his "Arrival Mandatory [A]ssessment," and Dr. Hanf to whom Plaintiff alleges he sent several Kites regarding medical concerns pertaining to his eyes. With respect to Plaintiff's Fourteenth Amendment Claim (Count II), Plaintiff identifies Dr. Hanf, Remero [sic] Aranas, HDSP Warden James Dzurenda, and HDSP Associate Warden of Operations J. Nash.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

3

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983." *Id*.; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

"A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement— and the liability—of that supervisor." *Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). "Thus, when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates." *Id*. at 1207. As such, "a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Id*.

4

The Court finds that Plaintiff states a claim against defendant Dr. Hanf, to whom Plaintiff claims he sent several Kites, and from whom he received no productive answer. Plaintiff also asserts a facial claim against Romero Aranas to whom Plaintiff alleges his grievances pertaining to his medical care needs were forwarded. Like Dr. Hanf, Plaintiff alleges Mr. (or potentially Dr.) Aranas "never did any productive during the [g]rievance process." Plaintiff also alleges facts that meet the above standards for stating an Eighth Amendment Claim (as explained more fully in the Court's June 5, 2019 Order (ECF No. 34), which are incorporated herein by this reference).

However, Plaintiff again fails to state a claim against the Jane Doe nurse as Plaintiff continues to fail to allege she had any knowledge of his 18 month wait for eye glasses or his injuries arising from his long wait. Thus, the Court dismisses Plaintiff's Count I for alleged violations of the Eighth Amendment against Jane Doe.

The Court also broadly construes Plaintiff's allegations that it should not take 18 months to see an eye doctor, that he has exhausted his administrative remedies, and his claims that there is no legitimate institutional purpose for such a delay as stated in support of Plaintiff's request for injunctive relief. The Court believes Plaintiff seeks to restate his claim for injunctive relief to change the policy that causes an inmate to wait 18 months for an eye appointment. However, Plaintiff does not identify any policy that he seeks to change. Thus, this claim fails to state a facial claim against the identified Defendants injunctive relief in their official capacity.

Construing Plaintiff's Count II alleging, violations of the Fourteenth Amendment liberally, as the Court must, a section 1983 action premised on violation of the Fourteenth Amendment for inadequate medical care requires allegations that each defendant acted with deliberate indifference to the decedent's serious medical needs. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir. 2016) (en banc). However, inmates bringing deliberate indifference claims against prison officials "may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." *Id.* at 1067–68; *see also Mendiola–Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ("Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth

Amendment."). Claims related to inadequate medical care fall within the Fourteenth Amendment's due process clause for pre-trial detainees, *Howard v. Dickerson*, 34 F.3d 978, 980 (10th Cir. 1994), and the Eighth Amendment's cruel and unusual punishment prohibition for sentenced prisoners, *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). Thus, Plaintiff's Count II, to the extent it alleges that Plaintiff was refused medical treatment because he is disabled fails as this claim must be brought pursuant to the Eighth Amendment.

However, the Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439 (1985). To establish a violation of the Equal Protection Clause, an inmate must show that the defendants purposefully discriminated against him. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.,* 429 U.S. 252, 265 (1977). Such discriminatory purpose must be a motivating factor in the actions of the defendants. *Id.* While Plaintiff alleges he was treated differently because of his disability and that Defendants "did not do this to anyone else that I know except me," his allegations are insufficient to establish a facial claim that he was treated differently than similarly situated individuals who are not disabled. Thus, this claim also fails.

Title II of the Americans with Disabilities Act (the "ADA") clearly covers inmates in state prisons. *Pennsylvania Dept. of Corrections v. Yesky*, 524 U.S. 206 (1998); *U.S. v. Georgia*, 546 U.S. 151, 158 (2006)("[t]hus, insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity"). To state a claim under ADA § 12131 of Title II, a plaintiff must allege that: "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability." *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011,

1021 (9th Cir. 2010). The Supreme Court also articulated a step-by-step analysis for Title II claims and explained that a lower court should:

> determine.. on a claim-by-claim basis, (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment whether Congress' purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*Georgia*, 546 U.S. at 159. Here, although Plaintiff mentions the ADA, he does not allege he is disabled, but only that he needed eye glasses, which were substantially delayed. However, as explained by the Ninth Circuit, "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons*, 609 F.3d at 1022 (county jail's failure to "lessen [inmate's] depression" by offering programs or activities "is not actionable under the ADA"). Thus, as currently pled, Plaintiff's Count II does not state a claim under this federal law.

### III. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Permission for Leave to Amend Complaint ("Plaintiff's Motion") (ECF No. 39) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff's Motion seeking to file an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Aranas and Hanf, in their personal capacities for monetary damages is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion seeking to file an Eighth Amendment deliberate indifference to serious medical needs claim against Jane Doe, in her personal capacity for monetary damages is DENIED for the reasons stated above.

IT IS FURTHER ORDERED that Plaintiff's Motion seeking to file an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Hanf, Aranas, and Doe, in their official capacities for injunctive relief is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion seeking to file a Fourteenth Amendment due process claim for inadequate medical care is dismissed with prejudice as amendment would be futile.

1  IT IS FURTHER ORDERED that Plaintiff's Motion seeking to file a Fourteenth Amendment for disparate treatment based on disability is DENIED without prejudice because Plaintiff's claim, as stated, is conclusory.

IT IS FURTHER ORDERED that Plaintiff's Motion seeking to file a claim under Title II of the Americans with Disabilities Act is DENIED without prejudice for failing to assert allegations sufficient to state a claim.

IT FURTHER ORDERED that the Clerk of the Court shall separate and electronically file the amended complaint attached to ECF No. 39 and send Plaintiff a courtesy copy. The amended complaint is the operative complaint in this case.

IT IS FURTHER ORDERED that the Clerk of the Court shall electronically SERVE a copy of this order and a copy of Plaintiff's amended complaint (ECF No. 39-1) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

IT IS FURTHER ORDERED that service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

IT IS FURTHER ORDERED that subject to the findings of this screening order, within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

1       IT IS FURTHER ORDERED that if service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

      IT IS FURTHER ORDERED that if the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the amended complaint (ECF No. 39-1) within sixty (60) days from the date of this order.

      IT IS FURTHER ORDERED that if Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

DATED: September 9, 2019

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE